**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION, TEXAS PRESS ASSOCIATION, and JOSEPH PAPPALARDO, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | **Civil Action No. 1:19-CV-00946-RP** |
| STEVEN MCCRAW, in his official capacity as Director of Texas Department of Public Safety, DWIGHT MATHIS, in his official capacity as Chief of the Texas Highway Patrol, and WES MAU, in his official capacity as District Attorney of Hays County, Texas, | § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants, Steven McCraw, in his official capacity as Director of the Texas Department of Public Safety ("DPS"), Dwight Mathis, in his official capacity as Chief of the Texas Highway Patrol, and Wes Mau, in his official capacity as District Attorney of Hays County, Texas, ("Mau") hereby file this their Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, and respectfully submit as follows:

1.    Defendants admit that Plaintiffs have filed this lawsuit asserting claims pursuant to 42 U.S.C. § 1983 challenging certain sections of Texas Government Code Chapter 423. Defendants deny Plaintiffs' characterizations of the law and their complaint, which speak for themselves. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

2.    Defendants deny that Plaintiffs are entitled to any relief or that they have suffered

any injury or that their rights have been violated. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

3.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

4.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

5.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

6.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

7.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

8.    The Court has dismissed Plaintiffs' preemption claims. *See* ECF No. 52. Accordingly, no response to this paragraph is necessary.

9.     Defendants admit that Plaintiffs have filed this lawsuit seeking the specified relief. Defendants deny that Plaintiffs are entitled to any relief. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

## JURISDICTION AND VENUE

10.     Defendants admit that Plaintiffs have filed this lawsuit asserting claims pursuant to 42 U.S.C. § 1983. Defendants deny that Plaintiffs will carry their burden of establishing that the Court has jurisdiction over this matter. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

11.     Defendants admit that Plaintiffs are seeking declaratory and injunctive relief from this Court. Defendants deny that Plaintiffs are entitled to such relief. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

12.     Defendants have not contested venue. *See* ECF No. 19.

## PARTIES

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16.     Defendants admit that Steven McCraw is the Director of the Texas Department of Public Safety and has been sued in his official capacity. Defendants deny Plaintiffs' characterization of his responsibilities. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

17.     Defendants admit that Dwight Mathis[1] is the Chief of the Texas Highway Patrol and has been sued in his official capacity. Defendants deny Plaintiffs' characterization of his responsibilities. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

18.     Defendants admit that Wes Mau is the Criminal District Attorney of Hays County and has been sued in his official capacity. Defendants deny Plaintiffs' characterization of his responsibilities. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

## FACTUAL BACKGROUND

### Statutory Overview

19.     Defendants admit that some portions of Chapter 423 were passed into law in 2013. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

20.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

21.     Defendants that some portions of Chapter 423 have been added or amended in 2015, 2017, and 2019. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

### The Surveillance Provisions

22.     Defendants admit that Plaintiffs have accurately quoted a portion of Texas

---

[1] Ron Joy, the former Chief of the Texas Highway Patrol, is named in Plaintiffs' Complaint, but he has since retired. Chief Mathis is therefore automatically substituted pursuant to Federal Rule of Civil Procedure 25(d), and a formal motion to substitute is forthcoming.

Government Code § 423.003(a). Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

23.     Defendants admit that Plaintiffs have accurately quoted a portion of Texas Government Code § 423.001. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

24.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

25.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

26.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

27.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

28.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

29.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

30.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

a.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

b.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

c.     Defendants deny Plaintiffs' characterization of the law, which speaks for

itself. Defendants deny the remaining allegations in this paragraph.

31.     Defendants deny the allegations in this paragraph.

*The No-Fly Provisions*

32.     Defendants admit that Texas Government Code § 423.0045 was enacted in 2015. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

33.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

34.     Defendants admit that Texas Government Code § 423.0045 was amended in 2017. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

35.     Defendants admit that Texas Government Code § 423.0045 was amended in 2017. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

36.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

37.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

38.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

39.     Defendants admit that Plaintiffs have accurately quoted a portion of the FAA Modernization and Reform Act of 2012, Pub. L. No. 112-95 § 332, 126 Stat. 11, 73 (2012). Defendants deny the remaining allegations in this paragraph to the extent not specifically admitted.

40.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself.

Defendants deny the remaining allegations in this paragraph.

41.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

42.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

44.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

**Harm to Plaintiffs**

45.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

*Plaintiffs National Press Photographers Association and Texas Press Association*

46.     Defendants deny that Plaintiffs have suffered a legally cognizable injury. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

*National Press Photographers Association*

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

56.     Defendants deny that NPPA has suffered a legal cognizable injury. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

*NPPA Member Guillermo Calzada*

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

58.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

59.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

60.     Defendants deny that Mr. Calzada has suffered a legally cognizable injury. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in

this paragraph.

61.     Defendants deny that Mr. Calzada has suffered a legally cognizable injury. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

62.     Defendants deny that Mr. Calzada has suffered a legally cognizable injury. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

63.     Defendants deny that Mr. Calzada has suffered a legally cognizable injury. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

64.     Defendants deny that Mr. Calzada has suffered a legally cognizable injury. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

65.     Defendants deny the allegations in this paragraph.

66.     Defendants deny the allegations in this paragraph.

*NPPA Member Brandon Wade*

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

68.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

69.     Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in this paragraph.

70.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

71.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

72.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

73.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

74.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

75.     Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

76.     Defendants deny that Mr. Wade has suffered a legally cognizable injury. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

77.     Defendants deny that Mr. Wade has suffered a legally cognizable injury. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

78.     Defendants deny that Mr. Wade has suffered a legally cognizable injury. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

79.     Defendants deny the allegations in this paragraph.

80.     Defendants deny the allegations in this paragraph.

*Plaintiff Joseph Pappalardo*

81.     Defendants deny that Mr. Pappalardo has suffered a legally cognizable injury. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

82.     Defendants deny that Mr. Pappalardo has suffered a legally cognizable injury. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

83.     Defendants deny that Mr. Pappalardo has suffered a legally cognizable injury. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

84.     Defendants deny that Mr. Pappalardo has suffered a legally cognizable injury. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

85.     Defendants deny that Mr. Pappalardo has suffered a legally cognizable injury. Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

86.     Defendants deny that Mr. Pappalardo has suffered a legally cognizable injury.

Defendants deny Plaintiffs' characterization of the law, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

87.     Defendants deny that Mr. Pappalardo has suffered a legally cognizable injury. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

88.     Defendants deny the allegations in this paragraph.

89.     Defendants deny the allegations in this paragraph.

\* \* \* \* \*

90.     Defendants deny the allegations in this paragraph.

91.     Defendants deny the allegations in this paragraph.

92.     Defendants deny the allegations in this paragraph.

## FIRST CLAIM

### (Surveillance Provisions: First Amendment Violation)

93.     Defendants repeat and incorporate by reference the answers from the preceding paragraphs as if fully set forth herein.

94.     This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

95.     This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

96.     Defendants deny that Plaintiffs have suffered a legally cognizable injury. Defendants deny Plaintiffs' characterization of the law. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

97.     This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

98.     This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

99.     This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

100.     This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

101.     Defendants deny the allegations in this paragraph.

102.     Defendants deny the allegations in this paragraph.

103.     This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this

paragraph.

104.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

105.    Defendants deny the allegations in this paragraph.

106.    Defendants deny the allegations in this paragraph.

**SECOND CLAIM**

**(Surveillance Provisions: Vagueness)**

107.    Defendants repeat and incorporate by reference the answers from the preceding paragraphs as if fully set forth herein.

108.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

109.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

110.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

111.    This paragraph is a legal argument containing no factual allegations that require

admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

112.   Defendants deny the allegations in this paragraph.

113.   Defendants deny the allegations in this paragraph.

114.   Defendants deny the allegations in this paragraph.

115.   Defendants deny the allegations in this paragraph.

## THIRD CLAIM

### (No-Fly Provisions: First Amendment Violation)

116.   Defendants repeat and incorporate by reference the answers from the preceding paragraphs as if fully set forth herein.

117.   Defendants deny Plaintiffs' characterization of the law. Defendants deny the remaining allegations in this paragraph.

118.   This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

119.   Defendants deny Plaintiffs' characterization of the law. Defendants deny the remaining allegations in this paragraph.

120.   Defendants deny Plaintiffs' characterization of the law. Defendants deny the remaining allegations in this paragraph.

121.   Defendants deny the allegations in this paragraph.

122.   This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this

paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

123.    Defendants deny the allegations in this paragraph.

124.    Defendants deny the allegations in this paragraph.

125.    Defendants deny the allegations in this paragraph.

126.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

127.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

128.    Defendants deny Plaintiffs' characterization of the law. Defendants deny the remaining allegations in this paragraph.

129.    Defendants deny Plaintiffs' characterization of the law. Defendants deny the remaining allegations in this paragraph.

130.    Defendants deny the allegations in this paragraph.

### FOURTH CLAIM

### (No-Fly Provisions: Vagueness)

131.    Defendants repeat and incorporate by reference the answers from the preceding paragraphs as if fully set forth herein.

132.    This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this

16

paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

133.     This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

134.     This paragraph is a legal argument containing no factual allegations that require admission or denial. Defendants deny Plaintiffs' characterization of the law. To the extent that this paragraph can be construed to contain factual allegations, Defendants deny the allegations in this paragraph.

135.     Defendants deny the allegations in this paragraph.

136.     Defendants deny the allegations in this paragraph.

137.     Defendants deny the allegations in this paragraph.

138.     Defendants deny the allegations in this paragraph.

## FIFTH CLAIM

### (No-Fly Provisions: Supremacy Clause)

139.     Defendants repeat and incorporate by reference the answers from the preceding paragraphs as if fully set forth herein.

140.     The Court has dismissed Plaintiffs' preemption claims. *See* ECF No. 52. Accordingly, no response to this paragraph is necessary.

141.     The Court has dismissed Plaintiffs' preemption claims. *See* ECF No. 52. Accordingly, no response to this paragraph is necessary.

142.     The Court has dismissed Plaintiffs' preemption claims. *See* ECF No. 52. Accordingly, no response to this paragraph is necessary.

17

143.   The Court has dismissed Plaintiffs' preemption claims. *See* ECF No. 52. Accordingly, no response to this paragraph is necessary.

144.   The Court has dismissed Plaintiffs' preemption claims. *See* ECF No. 52. Accordingly, no response to this paragraph is necessary.

### <u>PRAYER FOR RELIEF</u>

(a)-(e) Defendants deny that Plaintiffs are entitled to any relief.

**THE DEFENDANT'S AFFIRMATIVE DEFENSES AND PRAYER**

Defendants reserve the right to present any and all defenses, including but not limited to sovereign immunity, qualified immunity, lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and any other bases warranted by the law or facts. Defendants request that the Court dismiss Plaintiffs' claims with prejudice, that Plaintiffs take nothing against Defendants by this action, that Defendants recover costs including reasonable attorney's fees, as applicable, and that Defendants be awarded any other relief to which Defendants may be justly entitled under the law.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Christopher D. Hilton*
CHRISTOPHER D. HILTON
Texas Bar No. 24087727
Deputy Chief
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
FAX: (512) 320-0667
christopher.hilton@oag.texas.gov

**Counsel for Defendants Steven McCraw and Dwight Mathis**


**MCGINNIS LOCHRIDGE LLP**
600 Congress Avenue, Suite 2100
Austin, Texas 78701
512.495.6000 (telephone)
512.495.6093 (telecopier)
mshaunessy@mcginnislaw.com

By: */s/ Michael Shaunessy*
MICHAEL SHAUNESSY
State Bar No. 18134550

**Attorneys for Defendant Wes Mau**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent by email from the Court's ECF system on this the 13th day of January 2021, to all counsel of record.

*/s/ Christopher D. Hilton*
Christopher D. Hilton