UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION, TEXAS PRESS ASSOCIATION, and JOSEPH PAPPALARDO,<br><br>*Plaintiffs*,<br><br>v.<br><br>STEVEN MCCRAW, in his official capacity as Director of Texas Department of Public Safety, DWIGHT MATHIS, in his official capacity as Chief of the Texas Highway Patrol, and WES MAU, in his official capacity as District Attorney of Hays County, Texas,<br><br>*Defendants*. | CIVIL ACTION No.<br>1:19-cv-00946-RP |

**COMPLAINT IN INTERVENTION FOR DECLARATORY RELIEF**

TO THE HONORABLE JUDGE OF THIS COURT:

**INTRODUCTION**

1. As authorized by Federal Rule of Civil Procedure 24, East Texas Ranch, L.P. ("Intervenor"), brings this complaint in intervention as a civil-rights action under 42 U.S.C. § 1983 in order to seek declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202. Intervenor's claims for declaratory relief concern both the federal and state constitutionality of certain provisions of Chapter 423 of the Texas Government Code, which regulates the usage of unmanned aircraft (hereinafter referred to as "drones") to surveil individuals or privately-owned real property in the State of Texas.

2. Intervenor is a private landowner in the State of Texas. As such, it has rights afforded under the 5th Amendment to the United States Constitution, which, via the 14th Amendment, prohibit the State of Texas from taking its property if that taking is either not for a "public use" or "without just compensation." Further, Intervenor has rights afforded under the 14th Amendment that prohibit the State of Texas from depriving it of property "without due process of law."

3. Texas Government Code §§ 423.002(a)(1), (5), (13), (16), (17), (19), (20), and (21)(A) ("Sections-in-Question")[1] constitute current and ongoing takings/deprivations of Intervenor's property for purposes of the 5th and 14th Amendments, triggering the respective rights afforded thereunder. Specifically, given that the Sections-in-Question presume that drones will be flown into privately-owned airspace, they provide *de facto* easements into Intervenor's privately-owned airspace. Intervenor's property was thus taken for neither a public use, nor just compensation, and without due process of law, and therefore violates Intervenor's rights afforded under the 5th and 14th Amendments.

4. Alternatively, in the event that this Court disagrees with Intervenor's assertion that the Sections-in-Question presume that drones will be flown into privately-owned airspace, these sections are unconstitutionally vague in violation of Intervenor's due-process rights afforded under the 14th Amendment. Specifically, their prefatory language (*i.e.*, "[i]t is lawful to capture an image with an unmanned aircraft in this state . . .") creates confusion as to whether the Sections-in-Question create certain exceptions and/or defenses to, or presume compliance with, Texas trespass laws.

---

[1] As will be further discussed below, Texas Government Code § 423.002(a) provides a list of exceptions to the general prohibition against using drones to conduct surveillance of individuals and privately-owned real property under Section 423.003(a). The Sections-in-Question are among this list of exceptions.

COMPLAINT IN INTERVENTION FOR DECLARATORY RELIEF                                          2

5.      In addition, Article 1, Section 17(a)(1), of the Texas Constitution prohibits the State of Texas from taking Intervenor's private property "without adequate compensation being made, unless by consent of [the property owner], and only if the taking . . . is for: (1) the ownership, use, or enjoyment of the property, notwithstanding incidental use, by: (A) the State, a political subdivision of the State, or the public at large; or (B) an entity granted the power of eminent domain under law . . ."

6.      As stated above, the Sections-in-Question grant *de facto* easements into Intervenor's privately-owned airspace, which constitute takings of its property for purposes of Article 1, Section 17(a)(1). Intervenor did not consent to any of these takings of its property, nor did the State of Texas provide compensation for such takings. *See* TEX. CONST. art. 1 § 17(a)(1). Further, the scope of persons permitted to invade Intervenor's privately-owned airspace under each of the Sections-in-Question reaches beyond the constitutional limits because it is not exclusive to "the State, [] political subdivison[s] of the State, or the public at large; or an entity granted the power of eminent domain under law." *See Id.* (internal numbering omitted). Therefore, these takings of Intervenor's property violate Intervenor's rights afforded under Article 1, Section 17(a)(1).

7.      Plaintiffs, as a journalist and organizations representing the interests of journalists, have brought their own constitutional challenges in their original complaint, in part, to Sections 423.002, 423.003, 423.004, and 423.006 under 1st Amendment free-speech and 14th Amendment due-process grounds.[2] Intervenor disagrees with the claims made by Plaintiffs in this case. Furthermore, Intervenor does not challenge the constitutionality of the general prohibition on

---

[2] Plaintiffs have also challenged the constitutionality of Sections 423.0045 and 423.0046 of the Texas Government Code, which regulate the usage of unmanned aircraft (*e.g.*, drones) regarding certain classes of property unrelated to Intervenor's interests.

surveillance by drones as the Plaintiffs do. Instead, Intervenor contends that certain exceptions to the general prohibition are tantamount to takings of private property and thus violate the United States and Texas Constitutions.

8. Plaintiffs' claims further compound the above-described constitutional violations because they invariably invoke questions of Intervenor's rights under the 5th and 14th Amendments to the United States Constitution and Article 1, Section 17(a)(1), of the Texas Constitution (as well as those of all private Texas landowners). Indeed, if Plaintiffs' requested relief is granted, Intervenor's property rights would be further infringed by granting journalists a *de facto* easement to fly drones into Intervenor's privately-owned airspace. To the extent a constitutional right to surveil exists (which Intervenor disputes), that right cannot supersede an individual's private property rights.

9. Intervenor seeks declaratory relief that the Sections-in-Question are unconstitutional under both the United States Constitution and Texas Constitution.

## JURISDICTION AND VENUE

10. This action for declaratory relief is brought pursuant to 28 U.S.C. §§ 2201 and 2202, as well as, 42 U.S.C. § 1983. Accordingly, it presents a federal question within this Court's jurisdiction under both Article III, Section 2, of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3).

11. Venue is proper in this Court under 28 U.S.C. 1391(b)(1) because Defendants all reside within the Western District of Texas.

## PARTIES

12. Intervenor is a Texas limited partnership that owns certain real property in the State of Texas. Intervenor brings this action for declaratory relief in order to protect its rights afforded

under the 5th and 14th Amendments to the United States Constitution and Article 1, Section 17(a)(1), of the Texas Constitution. Intervenor may be served through its counsel of record in this case.

13. Plaintiff National Press Photographers Association has appeared in this action and may be served through its counsel of record.

14. Plaintiff Texas Press Association has appeared in this action and may be served through its counsel of record.

15. Plaintiff Joe Pappalardo has appeared in this action and may be served through its counsel of record.

16. Defendant Steve McCraw is the Director of the Texas Department of Public Safety. Plaintiffs brought their original complaint for declaratory relief against Director McCraw in his official capacity due to his supervisory responsibilities over those who enforce Chapter 423 of the Texas Government Code. Likewise, Intervenor brings this action for declaratory relief against Director McCraw in his official capacity due to his supervisory responsibilities over those who enforce Chapter 423 of the Texas Government Code.

17. Defendant Dwight Matthis is the Chief of the Texas Highway Patrol. Plaintiffs brought their original complaint for declaratory relief against Ron Joy, the former Chief of the Texas Highway Patrol. However, in Footnote 1 of their original answer, Defendants rightly named Chief Mathis as the appropriate party pursuant to Federal Rule of Civil Procedure 25(d). Thus, Plaintiffs have sued Chief Mathis in his official capacity due to his supervisory responsibilities over those who enforce Chapter 423 of the Texas Government Code. Likewise, Intervenor brings this action for declaratory relief against Chief Mathis in his official capacity due to his supervisory responsibilities over those who enforce Chapter 423 of the Texas Government Code.

18. Defendant Wes Mau is the District Attorney of Hays County, Texas. Plaintiffs brought their original complaint for declaratory relief against Mr. Mau in his official capacity due to his responsibility for enforcing Chapter 423 of the Texas Government Code in Hays County, Texas. Intervenor asserts no claims against Mr. Mau.

## FACTUAL BACKGROUND

19. Chapter 423 of the Texas Government Code regulates the use of unmanned aircraft (hereinafter referred to as "drones") to surveil individuals or privately-owned real property in the State of Texas.

20. Section 423.003(a) makes it a crime to "use[] an unmanned aircraft to capture an image[3] of an individual or privately owned real property in this state with the intent to conduct surveillance on the individual or property captured in the image." Further, Section 423.004(a) makes it a crime to both "capture[] an image in violation of Section 423.003; and "possess[], disclose[], display[], distribute[], or otherwise use[] that image."

21. Section 423.006 creates a right for "[a]n owner or tenant of privately owned real property located in this state" to bring a private cause of action against anyone who violates Sections 423.003 or 423.004. Remedies under Section 423.006 include an injunction; civil penalties; actual damages (if the image is disclosed, displayed, or distributed with malice); court costs; and attorney's fees.

22. Section 423.002(a), in creating the following exceptions to the prohibitions under Section 423.003 and 423.004 (hereinafter referred to as the "Sections-in-Question"), provides that "[i]t is lawful to capture an image using an unmanned aircraft in this state:

---

[3] Section 423.001 defines "image" as "any capturing of sound waves, thermal, infrared, ultraviolet, visible light, or other electromagnetic waves, odor, or other conditions existing on or about real property in this state or an individual located on that property."

COMPLAINT IN INTERVENTION FOR DECLARATORY RELIEF                                                6

    a.  [F]or the purpose of professional or scholarly research and development or for another academic purpose by a person acting on behalf of an institution of higher education or a private or independent institution of higher education . . . including a person who: (A) is a professor, employee, or student of the institution; or (B) is under contract with or otherwise acting under the direction or on behalf of the institution . . .", TEX. GOV. CODE § 423.002(a)(1);

    b.  "[I]f the image is captured by or for an electric or natural gas utility or telecommunications provider: (A) for operations and maintenance of utility or telecommunications facilities for the purpose of maintaining utility or telecommunications system reliability and integrity; (B) for inspecting utility or telecommunications facilities to determine repair, maintenance, or replacement needs during and after construction of such facilities; (C) for assessing vegetation growth for the purpose of maintaining clearances on utility or telecommunications easements; and (D) for utility or telecommunications facility routing and siting for the purpose of providing utility or telecommunications service . . .", *Id.* at § 423.002(a)(5);

    c.  "[I]f the image is captured by a Texas licensed real estate broker in connection with the marketing, sale, or financing of real property, provided that no individual is identifiable in the image", *Id.* at § 423.002(a)(13);

    d.  "[I]f the image is captured by the owner or operator of an oil, gas, water, or other pipeline for the purpose of inspecting, maintaining, or repairing pipelines or other related facilities, and is captured without the intent to conduct surveillance of an individual or real property located in this state . . .", *Id.* at § 423.002(a)(16);

    e.  "[I]n connection with oil pipeline safety and rig protection . . .", *Id.* at § 423.002(a)(17);

  f. "[I]f the image is captured by a registered professional land surveyor in connection with the practice of professional surveying . . . provided that no individual is identifiable in the image . . .", *Id.* at § 423.002(a)(19).

  g. "[I]f the image is captured by a professional engineer . . . in connection with the practice of engineering . . . provided that no individual is identifiable in the image . . .", *Id.* at § 423.002(a)(20); and

  h. "[I]f . . . the image is captured by an employee of an insurance company or an affiliate of the company in connection with the underwriting of an insurance policy, or the rating or adjusting of an insurance claim, regarding real property or a structure on real property . . .", *Id.* at § 423.002(a)(21)(A).

23. The Sections-in-Question presume that drones will be flown into privately-owned airspace, thereby granting *de facto* easements into Intervenor's privately-owned airspace (as well as that of all private Texas landowners), which constitute current and ongoing takings/deprivations of property for purposes of the 5th and 14th Amendments to the United States Constitution. These takings/deprivations of Intervenor's property were done for neither a "public use", nor "just compensation", and "without due process of law", and therefore violate Intervenor's rights afforded under the 5th and 14th Amendments.

24. Alternatively, if this Court disagrees with Intervenor's assertion that the Sections-in-Question presume that drones will be flown into privately-owned airspace, then there is no other indication as to where these excepted persons can and cannot fly drones when conducting surveillance. All that guides is the prefatory language (*i.e.*, "[i]t is lawful to capture an image using an unmanned aircraft in this state . . ."). It is unclear, indeed confusing, as to whether this prefatory language creates certain exceptions and/or defenses to, or presumes compliance with, Texas

trespass laws. Therefore, the Sections-in-Question are unconstitutionally vague in violation of Intervenor's due-process rights afforded under the 14th Amendment.

25. In addition, the *de facto* easements granted pursuant to the Sections-in-Question constitute takings of Intervenor's property for purposes of Article 1, Section 17(a)(1), of the Texas Constitution. Intervenor did not consent to any of the takings of its property pursuant to the Sections-in-Question, nor did the State of Texas provide compensation for such takings, as required by Article 1, Section 17(a)(1). Further, the scope of persons permitted to invade Intervenor's privately-owned airspace under each of the Sections-in-Question reaches beyond the limits of Article 1, Section 17(a)(1), because it is not exclusive to "the State, [] political subdivison[s] of the State, or the public at large; or an entity granted the power of eminent domain under law." *See* TEX. CONST. art. 1 § 17(a)(1) (internal numbering omitted). Therefore, the Sections-in-Question violate Intervenor's rights afforded under Article 1, Section (17)(a)(1), of the Texas Constitution.

26. Plaintiffs are a journalist and organizations that represent the interests of journalists and other members of the media. On September 26, 2019, Plaintiffs filed their original complaint with this Court, challenging, in part, the constitutionality of Sections 423.002, 423.003, 423.004, and 423.006 on 1st Amendment free-speech and 14th Amendment due-process grounds.

27. Intervenor has intervened in this lawsuit in order to challenge the Sections-in-Question pursuant to its rights afforded under 5th and 14th Amendments to the United States Constitution and Article 1, Section 17(a)(1), of the Texas Constitution.

### INTERVENOR'S CLAIM FOR DECLARATORY RELIEF

28. Pursuant to 28 U.S.C. §§ 2201 and 2202, Intervenor seeks declaratory relief concerning the constitutionality of the Sections-in-Question under both the United States

Constitution and Texas Constitution.[4] These claims present common questions of law or fact with the claims raised in Plaintiffs' original complaint because they all concern the constitutionality of certain provisions of Chapter 423 of the Texas Government Code.

### A. Challenge Under the United States Constitution

28. The 5th Amendment, via the 14th Amendment, prohibits the State of Texas from taking Intervenor's property if that taking is not for a "public use" and done "without just compensation." Further, the 14th Amendment prohibits the State of Texas from depriving Intervenor of property "without due process of law."

29. The Sections-in-Question presume permission for excepted persons to fly drones into privately-owned airspace. As such, they provide *de facto* easements into privately-owned airspace, including that of Intervenor. As *de facto* easements, they constitute current and ongoing takings/deprivations of Intervenor's property for purposes of the 5th and 14th Amendments.

30. The takings under the Sections-in-Question were done for neither a public use, nor just compensation[5], and without due process of law, and therefore violate Intervenor's rights under the 5th and 14th Amendments. Therefore, Intervenor is entitled declaratory relief from this Court that the Sections-in-Question are unconstitutional.

---

[4] Having invoked the Court's federal-question jurisdiction, the Court has the authority to adjudicate Intervenor's challenge of the Sections-in-Question under the Texas Constitution. *See* 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.")

[5] While Intervenor asserts that each of the Sections-in-Question fail both elements under the 5th Amendment "Takings Clause" (*i.e.*, "public use" and "just compensation"), it is important to note that they are unconstitutional if they fail either element.

COMPLAINT IN INTERVENTION FOR DECLARATORY RELIEF                                    10

31. Alternatively, due process under the 14th Amendment requires "that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Id.* at 109.

32. If this Court disagrees with Intervenor's assertion that the Sections-in-Question presume that drones will be flown into privately-owned airspace, then there is no guidance as to where excepted persons under the Sections-in-Question can and cannot fly drones when conducting surveillance. Given the prefatory language (*i.e.*, "[i]t is lawful to capture an image with an unmanned aircraft in this state . . ."), it is unclear whether the Sections-in-Question create certain exceptions/defenses to, or presume compliance with, Texas trespass laws.

33. A plain reading of the statute, absent the presumption asserted by Intervenor, arguably overrides Texas law regarding trespass, rendering trespass lawful so long as the trespasser is capturing images with a drone at the time of the trespass. Accordingly, the statute provides inadequate guidance, indeed confusion, to landowners, drone owners/operators, law enforcement, judges, prosecutors, plaintiffs' attorneys, defense attorneys (both criminal and civil), and juries as to whether or not an excepted person under the Statutes-in-Question can fly drones into privately-owned airspace. Therefore, in the alternative, Intervenor is entitled to declaratory relief that the Sections-in-Question are unconstitutional.

34. Having "subject[ed Intervenor] . . . to the deprivation of . . . rights, privileges, or immunities secured by the [5th and 14th Amendments to the] Constitution . . ." the State of Texas, in enacting the Sections-in-Question, violated 42 U.S.C. § 1983. Therefore, Intervenor is entitled

to declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202, that the Sections-in-Question are unconstitutional.

**B.     Challenge Under The Texas Constitution**

36.     The State of Texas cannot take private property "without adequate compensation being made, unless by consent of [the property owner], and only if the taking . . . is for: (1) the ownership, use, or enjoyment of the property, notwithstanding incidental use, by: (A) the State, a political subdivision of the State, or the public at large; or (B) an entity granted the power of eminent domain under law . . ." TEX. CONST. art. 1, § 17(a)(1).

37.     Intervenor incorporates herein by reference any and all above-stated arguments that the Sections-in-Question are, in fact, takings of Intervenor's property for constitutional purposes.

38.     Intervenor did not consent to any of the takings of its property pursuant to the Sections-in-Question, nor did the State of Texas provide compensation for such takings, as required by Article 1, Section 17(a)(1). Further, the scope of persons permitted to invade Intervenor's privately-owned airspace under each of the Sections-in-Question reaches beyond the limits of Article 1, Section 17(a)(1) because it is not exclusive to "the State, [] political subdivision[s] of the State, or the public at large; or an entity granted the power of eminent domain under law." *See* TEX. CONST. art. 1 § 17(a)(1) (internal numbering omitted). Therefore, Intervenor is entitled to declaratory relief that the Sections-in-Question are unconstitutional.

39.     Having enacted the Statutes-in-Question, the State of Texas violated Article 1, Section 17(a)(1), of the Texas Constitution. Therefore, Intervenor is entitled to declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202, that the Sections-in-Question are unconstitutional.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to 28 U.S.C. §§ 2201 and 2202, Intervenor respectfully requests this Court to enter a judgment that declares as follows:

a. Texas Government Code §§ 423.002(a)(1), (5), (13), (16), (17), (19), (20), and (21)(A), insofar as they permit a person to invade the airspace above private property without the consent of the owner, constitute takings/deprivations of Intervenor's property that were not for either a public use, or just compensation, and were without due process of law, and therefore violate the 5th and 14th Amendments to the United States Constitution, as well as, 42 U.S.C. § 1983;

b. Alternatively, Texas Government Code §§ 423.002(a)(1), (5), (13), (16), (17), (19), (20), and (21)(A) are unconstitutionally vague in violation of the due-process requirement of the 14th Amendment to the United States Constitution, as well as, 42 U.S.C. § 1983, and must be clarified so that property owners and drone owners/operators (as well as judges, juries, attorneys, and law enforcement) shall have notice that invasion of privately-owned airspace with a drone without the landowner's consent constitutes a trespass; and

c. Texas Government Code §§ 423.002(a)(1), (5), (13), (16), (17), (19), (20), and (21)(A), insofar as they permit a person to invade the airspace above private property without the consent of the owner, constitute takings of Intervenor's property without its consent or adequate compensation, and were not for the ownership, use, and enjoyment of a constitutionally-appropriate scope of persons, and therefore violate Article 1, Section 17(a)(1) of the Texas Constitution.

Respectfully submitted,

**LOVINS | TROSCLAIR, P.L.L.C.**

*/s/ Michael E. Lovins*

Michael E. Lovins
State Bar No. 24032555
Michael@LovinsLaw.com
1301 S. Capital of Texas Highway
Building A, Suite 136
Austin, Texas 78746
Telephone: (512) 535-1649
Facsimile: (512) 519-1238

**ATTORNEY FOR INTERVENOR**

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing document was sent via electronic service on July 2, 2021, to all counsel of record.

*/s/ Michael E. Lovins*

Michael E. Lovins

**Intervenor East Texas Ranch, L.P.'s, Rule 7.1 Disclosure Statement**

Date: July 2, 2021

    Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel for East Texas Ranch, L.P., certifies that East Texas Ranch, L.P., as of the above-stated date, does not have a parent company and no publicly-held corporation owns 10% or more of its stock.

    Respectfully submitted,

    **LOVINS | TROSCLAIR, P.L.L.C.**

    _/s/ Michael E. Lovins_
    Michael E. Lovins
    State Bar No. 24032555
    Michael@LovinsLaw.com
    1301 S. Capital of Texas Highway
    Building A, Suite 136
    Austin, Texas 78746
    Telephone: (512) 535-1649
    Facsimile: (512) 519-1238

    **ATTORNEY FOR INTERVENOR**

# Challenge to Constitutionality of a State Statute     Print

This form must be completed by a party filing a petition, motion or other pleading **challenging the constitutionality of a state statute**. The completed form must be filed with the court in which the cause is pending as required by Section 402.010 (a-1), Texas Government Code.

**Cause Number** *(For Clerk Use Only):* 1:19-cv-00946-RP     **Court** *(For Clerk Use Only):*

**Styled:** National Press Photographers Association et al. v. Steven McCraw et al.

*(e.g., John Smith v. All American Insurance Co.; in re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

**Contact information for party* challenging the constitutionality of a state statute.** (*If party is not a person, provide contact information for party, party's representative or attorney.)

| | |
|---|---|
| Name: Michael E. Lovins | Telephone: (512) 535-1649 |
| Address: 1301 S. Cap of TX Hwy, Ste A136 | Fax: (512) 519-1238 |
| City/State/Zip: Austin, Texas 78746 | State Bar No. (if applicable): 24032555 |
| Email: michael@lovinslaw.com | |

Person completing this form is:  ☑ Attorney for Party  ☐ Unrepresented Party  ☐ Other:

**Identify the type of pleading you have filed challenging the constitutionality of a state statute.**

☑ Petition     ☐ Answer     ☐ Motion (Specify type):
☐ Other:

**Is the Attorney General of the State of Texas a party to or counsel in this cause?**

☑ Yes     ☐ No

**List the state statute(s) being challenged in your pleading and provide a summary of the basis for your challenge.** (Additional pages may be attached if necessary.)

East Texas Ranch, L.P. ("ETR") challenges the constitutionality of Texas Government Code §§ 423.002(a)(1), (5), (13), (16), (17), (19), (20), and (21)(A) ("Challenged Statutes").

The Challenged Statutes permit certain persons to conduct surveillance with unmanned aircraft (hereinafter referred to as "drones") as exceptions to the general prohibition against such conduct found in Texas Government Code § 423.003(a). In so doing, the Challenged Statutes presume that drones will be flown into the privately-owned airspace of Texas landowners, including ETR, for purposes of surveillance. As such, the Challenged Statutes grant de facto easements to the persons designated therein to invade privately-owned airspace with drones for purposes of surveillance. This constitutes a taking of ETR's private property for purposes of the 5th Amendment to the United States Constitution, and a deprivation of ERT's property for purposes of the 14th Amendment to the United States Constitution. It also constitutes a taking of ETR's property for purposes of Article 1, Section 17(a)(1), of the Texas Constitution.

For purposes of the 5th Amendment, these takings of property were neither for public use, nor just compensation, and are therefore unconstitutional. For purposes of the 14th Amendment, these deprivations of property were without due process of law, and are therefore unconstitutional.

Alternatively, if the Court disagrees that a presumption exists in the Challenged Statutes that drones will be flown into privately-owned airspace, then the Challenged Statutes are unconstitutionally vauge (in violation of the due-process requirement of the 14th Amendment) because they do not indicate where excepted persons can and cannot fly their drones. Accordingly, it is unclear whether the challenged statutes create exceptions/defenses to, or presume compliance with, Texas trespass laws.

In addition, for purposes of Article 1, Section 17(a)(1), the State of Texas made no compensation, nor did ETR provide any consent, for these takings of private property, and such takings were not made for the ownership, use, or enjoyment of a constitutionally-appropriate scope of persons. Therefore, the Challenged Statutes are unconstitutional.

9/5/13

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
East Texas Ranch, L.P.

**DEFENDANTS**
Steven McCraw, in his official capacity as Director of the Texas Department of Public Safety
Dwight Mathis, in his official capacity as Chief of the Texas Highway Patrol

(b) County of Residence of First Listed Plaintiff: **Henderson County, Texas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael E. Lovins
Lovins Trosclair, P.L.L.C
1301 S. Capitol of Texas Highway, Building A, Suite 136
Austin, Texas 78746
(512) 535-1649

Attorneys *(If Known)*
Christopher D. Hilton
Office of the Texas Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | | [ ] 861 HIA (1395ff) | |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [x] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Civil-rights action challenging the constitutionality of certain sections of Chapter 423 of the Texas Government Code.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 7/2/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____