UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION, TEXAS PRESS ASSOCIATION, and JOSEPH PAPPALARDO, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | CIVIL ACTION No. 1:19-cv-00946-RP |
| STEVEN MCCRAW, in his official capacity as Director of Texas Department of Public Safety, DWIGHT MATHIS, in his official capacity as Chief of the Texas Highway Patrol, and WES MAU, in his official capacity as District Attorney of Hays County, Texas, | § § § § § § § § | |
| *Defendants*. | § | |

**INTERVENOR'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE**

TO THE HONORABLE JUDGE OF THIS COURT:

East Texas Ranch, L.P. ("Intervenor") files this Intervenor's Reply to Plaintiffs' Opposition to Motion to Intervene and respectfully shows the Court as follows:

**INTRODUCTION**

1. On July 2, 2021, Intervenor filed a motion to intervene in the above-styled lawsuit. Along with its motion to intervene, Intervenor also filed a complaint in intervention and motion for summary judgment.

2. Intervenor seeks to challenge the constitutionality of certain provisions of Chapter 423 of the Texas Government Code on the grounds of violations of the Fifth-Amendment Takings Clause

and Fourteenth-Amendment Due-Process Clause, as well as Article 1, Section 17(a)(1), of the Texas Constitution. In essence, Intervenor contends that Sections 423.002(a)(1), (5), (13), (16), (17), (19), (20), and (21)(A) ("Sections-in-Question") constitute takings/deprivations of its property that are neither for a public use, nor in exchange for just compensation, and that are without due process of law.[1]

3. In their original complaint, Plaintiffs contend that they have a First-Amendment free-speech right to be included among those permitted to conduct drone surveillance. Thus, they necessarily, albeit indirectly, contend that they have a constitutional right to a *de facto* easement to fly drones into privately-owned airspace, including that of Intervenor.[2]

4. To the extent that Plaintiffs' constitutional challenge(s) have merit, they pose a further threat to Intervenor's constitutional rights under both the Fifth-Amendment Takings Clause and Fourteenth-Amendment Due-Process Clause. In other words, like that in the Sections-in-Question, the granting of *de facto* easements to Plaintiffs (and those they represent) for the purpose of flying drones into Intervenor's privately-owned airspace would also constitute a taking/deprivation of Intervenor's property that is neither for a public use, nor in exchange for just compensation, and is without due process of law.

5. On July 9, 2021, Plaintiffs filed Plaintiffs' Opposition to Motion to Intervene[3], which incorrectly contends that (1) Intervenor has a high burden to show that denial of its Motion to

---

[1] Alternatively, in the event the Court disagrees that this presumption exists, Intervenor contends that the Sections-in-Question are unconstitutionally vague in violation of Fourteenth-Amendment due process because, without such presumption, the Sections-in-Question are unclear as to whether they create exceptions/defenses to, or presume compliance with, Texas trespass laws.

[2] By virtue of their First-Amendment position, Plaintiffs necessarily imply that they have a *de facto* easement to fly drones into the privately-owned airspace of all United States landowners.

[3] As is certified in the motion to intervene, and as required by Local Rule CV-7(i), counsel for Intervenor conferred with counsel for both Plaintiffs and Defendants concerning the motion to

Intervene would impair or impede its interests, (2) that Intervenor's and Plaintiffs' constitutional challenges are entirely different from each other, and (3) that intervention would delay and/or prejudice the adjudication of Plaintiffs' claims.

## ARGUMENTS AND AUTHORITIES

### A. Intervenor has met its low burden to show that a denial of intervention as a matter of right would impair and/or impede its interests.

6. Plaintiffs incorrectly asserted that Intervenor has a high burden in showing that an unfavorable disposition of the lawsuit would impair and/or impede its interests. In fact, this burden is minimal and even allows for speculation. *See Barnes v. Security Life of Denver Ins.*, 945 F.3d 1112, 1123 (10th Cir. 2019) ("To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied. *This burden is minimal*." (emphasis added)). Further, Intervenor meets this burden if it can show that its interests "would be substantially affected in a practical sense[, as opposed to a strictly legal sense,] by the determination made in an action . . ." *See Id*.

7. As a practical matter, if intervention is denied and Intervenor is forced to file a separate action, then there is a foreseeable risk that the result of this lawsuit would conflict with the result of that lawsuit. Specifically, Intervenor seeks to extinguish a *de facto* easement created by the Sections-in-Question in violation of Intervenor's rights under the Fifth and Fourteenth Amendments, but Plaintiffs seek to *extend* that easement to photojournalists under the First Amendment. Stated differently, the Plaintiffs contend that the First Amendment creates a *de facto* easement, while Intervenor contends that the Fifth and Fourteenth Amendments extinguish any such *de facto* easement.

---

intervene. Counsel for Defendants indicated that Defendants do not oppose the motion to intervene. Counsel for Plaintiffs indicated that Plaintiffs do oppose the motion to intervene.

INTERVENOR'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE                          3

8.     Should Plaintiffs prevail in this Court, and Intervenor prevail on its claims in another case, then those holdings would result in an inconsistent maxim: the Constitution giveth and the Constitution taketh away (the same *de facto* easement). In that case, what is the status of the *de facto* easement? No one would know without still further litigation, which would be a costly and inefficient use of judicial resources.

9.     This result would create unnecessary confusion in the law and would needlessly blur the boundary between First-Amendment free-speech rights and Fifth-Amendment and Fourteenth-Amendment rights (as well as rights guaranteed by the Texas Constitution). Furthermore, this shows that the relief Plaintiffs seek and the relief Intervenor seeks are so intertwined that adjudicating them separately is both inefficient and likely to create confusion in the law.

10.    Therefore, Intervenor has met its burden of showing that a denial of intervention as a matter of right would impair and/or impede its interests.

B.  **Intervention would not unduly delay and/or prejudice the adjudication Plaintiffs' alleged rights.**

11.    Plaintiffs contend that intervention would unduly delay and/or prejudice the adjudication of its rights because (i) discovery has been closed for weeks, (ii) the parties have already been through extensive Rule 12 briefing, and (iii) the dispositive-motion deadline has passed.

12.    This contention misses the point. With respect to discovery, Plaintiffs failed to identify any matter they would need to discover in order to adjudicate the claims that Intervenor asserts. Indeed, the only fact necessary to adjudicate the claims is that Intervenor owns property in the State of Texas. Plaintiffs did not purport to dispute that fact, which is a matter of public record.

13.    With respect to Rule 12 briefing, this point has no bearing on whether Intervenor's Motion to Intervene should be granted. Indeed, intervening prior to the Court ruling on the dismissal matter would have been senseless as there is no reason to intervene in a case that may not even be

adjudicated beyond dismissal. Additionally, Plaintiffs' assertion that further Rule 12 motions may be necessary is meritless in light of the fact that the Defendants did not oppose the motion to intervene.

14. Finally, Intervenor has already filed its dispositive motion as an attachment to its Motion to Intervene. Plaintiffs did not present any reason they could not respond to that motion if they deem it necessary, or why it would in any way delay the adjudication of their purported rights.

## PRAYER

For the foregoing reasons, Intervenor respectfully requests this Court to overrule Plaintiffs' Opposition to Motion to Intervene and grant Intervenor's motion to intervene as a plaintiff-intervenor as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), or, alternatively, under a permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).

Respectfully submitted,

**LOVINS | TROSCLAIR, P.L.L.C.**

*/s/ Michael E. Lovins*
Michael E. Lovins
State Bar No. 24032555
Michael@LovinsLaw.com
1301 S. Capital of Texas Highway
Building A, Suite 136
Austin, Texas 78746
Telephone: (512) 535-1649
Facsimile: (512) 519-1238

**ATTORNEY FOR INTERVENOR**

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was sent via electronic service on July 16, 2021 to all counsel of record.

> */s/ Michael E. Lovins*
> Michael E. Lovins