THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION, TEXAS PRESS ASSOCIATION, and JOSEPH PAPPALARDO,<br>*Plaintiffs*<br><br>v.<br><br>STEVEN MCCRAW, in his official capacity as Director of Texas Department of Public Safety, RON JOY, in his official capacity as Chief of the Texas Highway Patrol, and WES MAU, in his official capacity as District Attorney of Hays County, Texas,<br>*Defendants* | § § § § § § § § § § § § § § § § | Civil Action No. 1:19-cv-00946 |

FILED
SEP 22 2021
CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY CLERK

### TEXAS ASSOCIATION OF BROADCASTERS AND REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS' UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF

Texas Association of Broadcasters ("TAB") and Reporters Committee for Freedom of the Press ("RCFP") (TAB and RCFP together with the other entities joining their proposed Amicus Brief, the "Amici"), respectfully request leave to file the attached Amicus Brief supporting the Motion for Summary Judgment, ECF No. 63, filed by Plaintiffs in the above-styled civil action (the "Motion"). In support thereof, Amici would respectfully show as follows:

### INTRODUCTION

TAB is an Austin-based trade association representing the interests of Texas' over 1,200 free, over-the-air radio and television. Formed in 1953, membership is open to commercial and non-commercial radio and television stations, companies doing business with the broadcast industry, current students and educators, and retired industry professionals.

RCFP is one of the nation's preeminent First Amendment advocacy organizations, providing pro bono legal representation, *amicus curiae* support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.

Joining TAB and RCFP as Amici are 44 additional entities interested in the outcome of this dispute. These Amici represent a broad range of interests—from local news stations in El Paso to national associations in New York—who have come together to present their views on the important matters under review through this single amicus brief. A comprehensive list of these Amici, their specific statements of interest, and their corporate disclosures (as applicable) are included herewith as **Exhibit A**.

Pursuant to Local Rule CV-7(G), The undersigned counsel for TAB advises the Court that they conferred with counsel for the parties, who indicated they are unopposed to Amici filing their Amicus Brief.

No fee was paid by Plaintiff to any Amici for preparation of this Motion or the proposed Amicus Brief. Nor was any fee paid to the undersigned counsel for preparation of this Motion or the proposed Amicus Brief.

## ARGUMENT

### I. The Court possesses broad inherent authority to appoint amici.

District courts possess inherent authority to appoint amici curiae and accept amicus briefs. *See White Lodgings Servs. Corp. v. Snipes*, No. A-13-CA-825-SS, 2014 WL 1513964, at *9 (W.D. Tex. Apr. 16, 2014); *Cent. Tex. Chapter, Nat'l Elec. Contractors Ass'n, Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 520*, No. A-11-CA-339-SS, 2011 WL 13234892, at *2 (W.D. Tex. Nov. 15, 2011) (hereinafter "*Cent. Tex.*"); *see also United States v. Davis*, 180 F.Supp.2d 797, 800 (E.D. La. 2001); *City of New York v. United States*, 971 F.Supp. 789, 791 n.3 (S.D.N.Y. 1997); *Waste Management of Pennsylvania v. City of New York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995); *Wyatt v.*

*Hanan*, 868 F.Supp. 1356, 1359 (M.D. Ala. 1994); N.D. Tex. Local Civ. R. 7.2(b) (prescribing procedures for filing amicus briefs).

The existence and exercise of this authority effectuates the Fifth Circuit's recognition that, "[w]here he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984); *see also Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) ("Even when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned") (Alito, J.) (quoting Micael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999)).

## II.     Movants' short amicus brief offers new perspective on the potential impact of this lawsuit.

While neither the Federal Rules of Civil Procedure nor Local Rules of this Court prescribe the considerations relevant to granting leave to appear as amicus, cases suggest leave is appropriate where "issues in the case have potential consequences beyond the particular parties to the suit," and where "the amici offer useful, broader perspectives on these issues." *Cent. Tex.*, 2011 WL 13234892, at *2.

Such is the case here. The proposed Amici, over forty in total, include local television broadcasters focused on the gathering and dissemination of video content relevant to their local communities; local newspapers who employ Unmanned Aerial Vehicles in their reporting mission; nationally syndicated cable networks; and other interest groups—large and small—who have come together to voice their opinions on the important matters under review. The interests and operations of the prospective amici are thus subject to the regulatory scheme being challenged, but not currently represented by any of the parties.

To that end, and bearing in mind the Fifth Circuit's suggestion that participation by interested third parties via amicus brief is "usually most effective[] and always most expeditious[]," *Bush*, 740 F.2d at 359, Amici submit their proposed brief, which expounds upon broader issues perceived by the Amici and elucidates the broader impact of the issues raised by the parties. They have deliberately strived to avoid duplication of the parties' arguments, and concisely highlight the impact of the challenged regulations on journalism across Texas.

## CONCLUSION

For the foregoing reasons, Amici request that the Court grant the requested leave, direct the Clerk to file the proposed Amicus Brief filed herewith as **Exhibit B**, and consider its contents in deciding the Plaintiffs' Motion for Summary Judgment.

Respectfully submitted,

*/s/ Paul C. Watler*

Paul C. Watler
State Bar No. 20931600
pwatler@jw.com
Eric D. Wong
State Bar No. 24102659
ewong@jw.com
JACKSON WALKER L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000 – Telephone
(214) 953-5822 – Fax
**ATTORNEYS FOR AMICI**

## CERTIFICATE OF SERVICE

This certifies that on September 23, 2021, a true and correct copy of the foregoing document was served via the Court's ECF system upon all counsel of record by manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure.

*/s/ Paul C. Watler*

Paul C. Watler